Quentin M. Rhoades
State Bar No. 3969
Rhoades & Erickson PLLC
430 Ryman Street
Missoula, Montana 59802
Telephone: (406) 721-9700
qmr@montanalawyer.com
*courtdocs@montanalawyer.com*
*Pro hac vice*

Bradley L. Booke
P.O. Box 13160
Jackson, WY 83002
Telephone: 702-241-1631
Facsimile: 866-297-4863
brad.booke@lawbooke.com
*Pro querente*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEVEN DAKOTA KNEZOVICH, an individual, STEVEN L. KNEZOVICH and DEBORA M. KNEZOVICH, husband and wife, ANDREW M. TAYLOR, and DENA DEA BAKER, husband and wife, RICHARD D. WRIGHT and DEONE R. WRIGHT, husband and wife, and THE HOBACK RANCHES PROPERTY OWNERS IMPROVEMENT AND SERVICE DISTRICT, COUNTY OF SUBLETTE, STATE OF WYOMING, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 0:21-cv-00180-ABJ <br><br><br> ***PLAINTIFFS' BRIEF IN SUPPORT OF RULE 56(d) MOTION FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY*** |

Plaintiffs, Steven Dakota Knezovich; Steven L. Knezovich and Debora M. Knezovich; Andrew M. Taylor; Dena Dea Baker; Richard D. Wright and Deone R. Wright; and the Hoback Ranches Property Owners Improvement and Service District, County of Sublette, State of Wyoming (Plaintiffs), support their motion for leave to conduct additional discovery, pursuant to Fed. R. Civ. P. 56(d), on the following grounds:

## ISSUE

Additional discovery and depositions are required to fully respond to the Government's motion, and the Court should defer considering the motion and allow for additional time for such discovery to take place.

## PROCEDURAL AND FACTUAL BACKGROUND

1. For the sake of brevity, Plaintiffs incorporate the factual background regarding the Roosevelt Fire as set forth in their Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

2. The Government filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction, and a brief in support, on December 6, 2021. (Doc. 14 and 15.)

3. The Government offered the testimony of only two Forest Service Employees in support of its motion, Fire Use and Fuels Program Manager

Francisco Romero and Special Agent Lathan Sidebottom. (See Doc. 15.1 and 15.2.)

4. Neither Mr. Romero nor Mr. Sidebottom, upon information and belief, possess personal knowledge of the Forest Service's decision making in responding to the Roosevelt Fire. Plaintiffs have not had the opportunity to depose either affiant. (Decl. of Quentin M. Rhoades, ¶ 3, January 7, 2022, attached hereto.)

5. According to the Wildland Fire Decision Support System (WFDSS) for September 16, 2018, various individuals were involved in managing the Roosevelt Fire, none of whom offered testimony in support of the Government's motion to dismiss. (Doc. 15.1, e.g., pp. 80 and 105.)

6. The *Interagency Standards for Fire and Fire Aviation Operations (Interagency Standards)*, co-authored by the Forest Service (January 2018)[1] states: "Initial action on human-caused wildfire will be to suppress the fire at the lowest cost with the fewest negative consequences with respect to firefighter and public safety." (See Ch. 1, p.6, ll. 14–16.)

---

[1] https://gacc.nifc.gov/oscc/ecc/lpcc/LOGISTICS/DISPATCH/2018%20Interagency%20Standards%20for%20Fire%20and%20Fire%20Aviation%20Operations.pdf

7. Wildfire of unknown origin is to be treated, like those of human origin, "without consideration for achieving resource benefits." (Doc. 15.1, at 6, ¶ 15.)

8. The Government contends it did not utilize the Roosevelt Fire for the purpose of resource benefits. (Doc. 15, pp. 10, 16-18.)

9. Yet, Forest Service Spokesperson Mary Cernicek told reporters: "That [Roosevelt] fire is being used on the landscape to reintroduce fire in its natural role."[2]

10. The Government listed the cause of the Roosevelt Fire as "unknown." Thus, it appears, that the Government, through the Forest Service, managed the Roosevelt Fire in direct contradiction to its own interagency standards. (Doc. 15.1, at 8, ¶ 21.)

11. The Government has yet to file an Answer to the Complaint in this matter. As a result, Plaintiffs have yet to be able to conduct discovery or depositions of key individuals responsible for deciding how the Forest Service would respond to the Roosevelt Fire. (Decl. of Rhoades, ¶ 3.)

12. While Plaintiffs know the identity of some of these key witnesses thanks to the Wildland Fire Decision Support System (WFDSS) attached to the

---

[2] https://www.jhnewsandguide.com/jackson_hole_daily/local/fast-moving-fire-injures-two-men-caught-in-blaze/article_d59f0717-5aa2-5c0d-891c-404c7a5af34b.html (accessed 9/12/2020)

Government's motion, the identity of other individuals higher in the chain of command are still unknown. (*Id.*, ¶ 6)

13. In order to develop a complete picture of whether the Government managed the Roosevelt Fire in spite of its interagency regulations, Plaintiffs will need to conduct discovery in order to ascertain the identity of managers, supervisors, directors, and/or anybody else responsible for approving the Forrest Service's response to the Roosevelt Fire in order to gain a full understanding of the decisions that were made and the reasoning behind them. (*Id.*, ¶¶ 6-17.)

14. Plaintiffs will also have to conduct the depositions of: Francisco Romero; Lathan D. Sidebottom; Mary Cernicek; Paul Hutta; Don Kranendonk; and the District Ranger and Forest Supervisor for the Bridger-Teton National Forest and the Forest Service's Rule 30(b)(6) designee. The information expected to be gained from these individuals is discussed below. (*Id.*)

15. The purpose of discovery will be, among other things, to discover the truth as to whether the Government chose to manage the Roosevelt Fire for the purpose of resource benefits.

## LEGAL STANDARD

If a nonmoving party to a Rule 56 motion for summary judgment shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). The party requesting additional discovery must present an affidavit or declaration that identifies "the probable facts not available and what steps have been taken to obtain these facts." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)). "The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact." *Id*. Decisions regarding Rule 56(d) motions are reviewed for an abuse of discretion and will not be reversed unless the District Court "exceed[ed] the bounds of the rationally available choices given the facts and the applicable law in the case at hand." *Id*. (quoting *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)).

## DISCUSSION

**1.     Publicly available evidence, when compared to the Government's evidence in its Motion to Dismiss, suggest genuine and material factual issues which will be fleshed out in discovery.**

Ordinarily, a Rule 12(b)(1) motion to dismiss cannot be converted into a motion for summary judgment. *Bell v. U.S.*, 127 F.3d 1226, 1228 (10th Cir. 1997). A well-recognized exception to the general rule, however, requires Rule 12(b)(1) motions to be converted into a Rule 56 motion for summary judgment where

"resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320m 1324 (10th Cir. 2002). The jurisdictional question is intertwined with the merits of the case if "subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995), abrogated on other grounds by *Cent. Green Co. v. United States*, 531 U.S. 425, 437, 121 S. Ct. 1005, 148 L. Ed. 2d. 919 (2001).

As more fully discussed in Plaintiffs' opposition to the Government's motion to dismiss, both jurisdiction and the substantive merits of Plaintiffs' claims are governed by the Federal Torts Claims Act (FTCA). The Government has argued that it cannot be held liable under the "discretionary function" exception of the FTCA. (See, generally, Doc. 15.) The argument is that the Government, through the Forest Service, had the discretion to take a hands-off management approach to the Roosevelt Fire in order to achieve firefighter safety. (*Id.*) The Government also contends that it did not use the Roosevelt Fire for the purpose of resource benefits. (Doc. 15, p. 10.)

Yet, publicly available documents detailing the Forest Service's own regulations show that in instances where a fire is manmade or of unknown origins, then the Forest Service's response ***must*** be to suppress the fire. (See, *Interagency Standards*, Ch. 1, p.6, ll. 14–16). This is unrefuted by the Government. (Doc.

7

15.1, at 6, ¶ 15.)  Instances where a federal statute, regulation, or policy specifically prescribes a course of action for a federal employee to follow, the employee has no rightful option but to adhere to the directive and the discretionary function exception to the FTCA is inapplicable.  *United States v. Gaubert*, 499 U.S. 315, 322-23, 111 S. Ct, 1267m 113 L. Ed. 2d 335 (1991).

      Thus, the question of jurisdiction in this case and the Government's liability in managing the Roosevelt Fire are inevitably intertwined.  If the Government violated its own Interagency Standards and managed (or did not manage) the Roosevelt Fire with consideration for resource benefits or other management objectives, despite being required to suppress the fire because it was of unknown origin, then the discretionary function exception to the FTCA is inapplicable.  If the discretionary function exception is shown not to apply, then the Government waiver of sovereign immunity under the FTCA remains intact, giving rise to liability on Plaintiffs' substantive claims.  Accordingly, the Government's motion to dismiss requires the resolution of factual issues and must be treated as a motion for summary judgment.

      As this case is still in its infancy, and the Government has yet to file an answer, Plaintiffs have not been able to conduct any discovery.  (Decl. of Rhoades, ¶ 3.)  Information, which is publicly available, however, refutes the Government's main assertion.  The Government contends that the regulation necessitating the

suppression of human-caused fires or fires of unknown origin was never implemented. (Doc. 15, pp. 10, 16-18.) While the Government would prefer the Court take this assertion on face value, it ignores the fact that a Bridger-Teton National Forest spokesperson, Mary Cernicek, told reporters that the Roosevelt Fire was being used to introduce fire in its natural role, which is the exact purpose of resource benefit management. (See n. 2, *supra*.)

Ms. Cernicek's statement raises a host of questions. For example, who told her that the fire was being used for the purpose of resource benefits? Who approved that statement? Did that information in Ms. Cernicek's statement come from anyone directly responsible for managing the Roosevelt Fire? Who was ultimately responsible for deciding how the Forest Service was going to respond to the Roosevelt Fire? None of these questions can be answered absent discovery.

Moreover, discovery needs to occur on the issue of the Interagency Standards and what the people actually in charge of managing the Roosevelt Fire knew and why they made the decisions they did. While the Government asserts that the policy requiring suppression was never implicated, it fails to support its position with testimony from any witness with personal knowledge of the fire's management. Both Romero and Sidebottom have information obtained after the fact, and, upon information and belief, cannot competently testify as to the bases for the management decisions relating to the fire. At the very least, Plaintiffs need

9

the opportunity to depose Romero and Sidebottom to test the veracity and foundation for their claims. (Decl. of Rhoades, ¶ 17.)

While Plaintiffs have put forward as much information as is reasonably available to them in opposition to the Government's motion to dismiss, the full breadth of knowledge regarding (1) whether the Government utilized the Roosevelt Fire for resource benefits; and (2), whether the Government failed to follow its Interagency Standards cannot be known until discovery is allowed to take place. All currently available evidence suggest discovery will uncover more to refute the Government's assertions, which are carried on the back of only two individuals who were never involved with the Roosevelt Fire. Plaintiffs require, and should be granted, the opportunity to conduct discovery to develop a complete factual record of what actually occurred in response to the Roosevelt Fire.

## 2. Plan of Discovery.

For the sake of clarity, Plaintiffs plan to conduct discovery as to the identity of, and/or depose, the following individuals and groups of individuals:

1. Don Kranendonk. Mr. Kranendonk is listed as an "Incident Owner" and "Approver" on the WFDSS for September 16 and 18, 2018. Upon information and belief, he has knowledge regarding the management decisions and rationale relating to the Roosevelt Fire. (See Doc. 15.1, pp. 79 and 105); (Decl. of Rhoades, ¶¶ 6-17.)

2.      Paul Hutta.  Mr. Hutta is listed as an "Incident Owner" on the WFDSS for September 16 and 18, 2018.  Upon information and belief, he has knowledge regarding the management decisions and rationale relating to the Roosevelt Fire.  (*Id.*)

3.      Diane Abendroth.  Ms. Abendroth is listed as an "Incident Owner" on the WFDSS for September 18, 2018.  Upon information and belief, she has knowledge regarding the management decisions and rationale relating to the Roosevelt Fire.  (*Id.*)

4.      Robert Mickelsen.  Mr. Mickelsen is listed as an "Incident Owner" on the WFDSS for September 18, 2018.  Upon information and belief, he has knowledge regarding the management decisions and rationale relating to the Roosevelt Fire.  (*Id.*)

5.      Rebecca Swenson.  Ms. Swenson is listed as an "Incident Owner" on the WFDSS for September 18, 2018.  Upon information and belief, she has knowledge regarding the management decisions and rationale relating to the Roosevelt Fire.  (See Doc. 15.1, p. 105); (Decl. of Rhoades, ¶ 12.)

6.      Mary Cernicek.  Ms. Cernicek is a spokesperson for the Bridger-Teton National Forest Service who told reporters that the Roosevelt Fire was being used to "reintroduce fire in its natural role."  (See n. 2, *supra*.)  Plaintiffs plan to depose

11

Ms. Cernicek to discover, *inter alia*, who told her that information and who authorized her to release such information. (Decl. of Rhoades, ¶ 13.)

7. Plaintiffs plan to submit discovery request seeking the identity of any supervisor, manager, or other person of authority over individuals listed in 1–6, above, and their role in managing the Roosevelt Fire, in order to ascertain who was ultimately responsible for deciding how to manage the fire, the actual decisions they made, and the rationale behind them. (Decl. of Rhoades, ¶ 14.)

8. Plaintiffs plan to depose the District Ranger and Forest Supervisor for the Bridger-Teton National Forest in order to learn whether they were consulted regarding the management of the Roosevelt Fire. (Decl. of Rhoades, ¶ 15.)

9. Finally, Plaintiffs plan to conduct a Rule 30(b)(6) deposition of the Defendant to investigate to what extent the Roosevelt Fire was managed "with consideration to achieving resource benefits." This is not only an issue with regard to subject matter jurisdiction, but to underlying liability. Given the conditions and the location of the fire near homes and high value resources, the Forest Service had no business responding to the fire with anything but full suppression with all available resources, of which there were many available.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court allow full discovery to occur prior to ruling on the Government's motion to dismiss.

DATED this 7th day of January 2022.

        Respectfully submitted,

        RHOADES & ERICKSON PLLC


        By:  /s/ *Quentin M. Rhoades*_____
             Quentin M. Rhoades
             Plaintiffs' counsel, *Pro Hac Vice*