IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2022 APR 14  AM 8:00
MARGARET BOTKINS, CLERK
CHEYENNE

STEVEN DAKOTA KNEZOVICH, an
individual, STEVEN L. KNEZOVICH
and DEBORA M. KNEZOVICH, husband
and wife, ANDREW M. TAYLOR and
DENA DEA BAKER, husband and wife,
RICHARD D. WRIGHT and DEONE R.
WRIGHT, husband and wife, and THE
HOBACK RANCHES PROPERTY
OWNERS IMPROVEMENT AND
SERVICE DISTRICT, COUNTY OF
SUBLETTE, STATE OF WYOMING,

       Plaintiffs,

  VS.

UNITED STATES OF AMERICA,

       Defendant.

Case No.  21-cv-00180-ABJ

---

**ORDER ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND RULE 56(d) MOTION TO ALLOW FOR ADDITIONAL
DISCOVERY**

---

THIS MATTER comes before the Court on Defendant United States of America's

*Motion to Dismiss for Lack of Subject Matter Jurisdiction*, ECF Nos. 14 & 15, and

Plaintiffs' *Rule 56(d) Motion to Allow for Additional Discovery*, ECF Nos. 20 & 21.

Plaintiffs responded to Government's motion to dismiss on January 7, 2022—same day

they filed their Rule 56(d) motion. ECF Nos. 20–22. Defendant Government replied in

support of their motion to dismiss and responded to Plaintiffs' Rule 56(d) motion on

1

January 24, 2022. ECF Nos. 29 & 30. Plaintiffs replied in support of their Rule 56(d) motion on February 2, 2022. ECF No. 36. This Court heard parties' oral arguments on March 16, 2022. ECF No. 37. Having considered the filings, applicable law, and being otherwise fully advised, the Court finds Plaintiffs' *Rule 56(d) Motion to Allow for Additional Discovery* should be **DENIED**. ECF Nos. 20 & 21. The Court further finds Defendant Government's *Motion to Dismiss for Lack of Subject Matter Jurisdiction* should be **GRANTED**. ECF Nos. 14 & 15.

## BACKGROUND

This case arises out of a forest fire that occurred in Lincoln and Sublette Counties in September of 2018 ("Roosevelt Fire") and the injuries and damages caused by it. *See* ECF No. 1 at ¶1. Plaintiffs contend the Government inappropriately responded to the Roosevelt Fire and failed to warn them. *See id.* at ¶¶1–3. Plaintiffs are Hoback Ranches Property Owners Improvement and Service District as well as residents and/or landowners in Wyoming who suffered injuries and damages from the Roosevelt Fire. *See id.* at ¶¶7–11. Defendant is the United States of America as it acted through its agency, the United States Department of Agriculture Forest Service ("Forest Service"). *See id.* at ¶12.

The Roosevelt Fire was first reported on September 15, 2018. *See id.* at ¶18. Plaintiff Steven Knezovich, while at a hunting camp with Plaintiff Dakota Knezovich, saw the fire shortly after it started and called the Forest Service to report it. *Id.* at ¶19. When he reported it, the Forest Service was already aware of the fire. *Id.* at ¶20. On September 16, 2018, the Forest Service released its initial Wildfire Decision Support System ("WFDSS") documentation for the Roosevelt fire, listing its course of action. *Id.* at ¶25. The Forest

Service also issued a news release, urging visitors and hunters to stay out of the area near the fire. *Id.* at ¶28. That day, the Knezovich hunting party encountered two Forest Service rangers who told them the Forest Service is letting the fire burn and they had several hours to make it back to their parked trucks. *Id.* at ¶29. Shortly thereafter, one of the parties encountered another ranger who told them the fire was moving fast. *Id.* at ¶30. The Knezovich party began rushing in an attempt to depart before the fire got there; their harrowing escape was successful, but they suffered serious burns all over their bodies as well as mental and emotional distress from the experience. *Id.* at ¶¶31–33. On September 17, 2018, the Roosevelt Fire had spread to trigger evacuations in residential areas northwest of Pinedale, Wyoming. *See id.* at ¶35. On September 18, 2018, the spread of the Roosevelt Fire resulted in a further evacuation order, pursuant to which other Plaintiffs evacuated. *Id.* at ¶36. On September 20, 2018, the first home in the Hoback Subdivision burned down. *See id.* at ¶38. From September 20 to September 23 of 2018, the Roosevelt Fire burned down property belonging to several Plaintiffs. *See id.* at ¶¶39–40.

Based on the events and the Forest Service's response to them, Plaintiffs filed a Complaint presenting ten claims, including negligence, trespass, and premises liability all allowed under the Federal Tort Claims Act ("FTCA"). *See* ECF No. 1. Subsequently, the Government moved to dismiss the case, arguing the Forest Service had discretion regarding how to act, excepting them from liability under the FTCA. *See* ECF No. 15 at 2–3.

**STANDARD OF REVIEW**

Rule 12(b)(1) Motion to Dismiss

A challenge to the Court's jurisdiction under the FTCA should be brought as a motion to dismiss under Rule 12(b)(1). *Zumwalt v. United States*, 928 F.2d 951, 952 (10th Cir. 1991). In a factual attack to subject matter jurisdiction, a party challenging jurisdiction under "Rule 12(b)(1) may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends," *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295 (10th Cir. 2003) (internal citation and quotation marks omitted), and a "court may not presume the truthfulness of the complaint's factual allegations," *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). For this, a court "has wide discretion" and may look to affidavits and other documents and even hold a limited evidentiary hearing to resolve the jurisdictional question. *Davis*, 343 F.3d at 1296. Looking to evidence outside the pleadings would not automatically convert the motion to dismiss to a Rule 56 motion for summary judgment. *Id.*

However, if a court determines the subject matter jurisdiction question is "intertwined with the merits of the case," it must convert the motion to a Rule 56 motion for summary judgment or a 12(b)(6) motion to dismiss. *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir. 1999). "When deciding whether jurisdiction is intertwined with the merits of a particular dispute, 'the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'" *Davis*, 343 F.3d at 1296 (quoting *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002)).

The party asserting jurisdiction has the burden of establishing that such jurisdiction

is present. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Rule 56 Motion for Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A dispute of fact is genuine if a reasonable juror could resolve the disputed fact in

favor of either side. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

dispute of fact is material if under the substantive law it is essential to the proper disposition

of the claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When the

Court considers the evidence presented by the parties, "[t]he evidence of the non-movant

is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor."

*Anderson*, 477 U.S. at 255.

The party moving for summary judgment has the burden of establishing the

nonexistence of a genuine dispute of material fact. *Lynch v. Barrett*, 703 F.3d 1153, 1158

(10th Cir. 2013). The moving party can satisfy this burden by either (1) offering affirmative

evidence that negates an essential element of the nonmoving party's claim, or (2)

demonstrating that the nonmoving party's evidence is insufficient to establish an essential

element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c)(1)(A)–(B).

Once the moving party satisfies this initial burden, the nonmoving party must

support its contention that a genuine dispute of material fact exists either by (1) citing to

particular materials in the record, or (2) showing that the materials cited by the moving

party do not establish the absence of a genuine dispute. *See id.* The nonmoving party must

"do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive a summary judgment motion, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, when opposing summary judgment, the nonmoving party cannot rest on allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine dispute of material fact for trial. *See Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1258 (10th Cir. 2009).

When considering a motion for summary judgment, the court's role is not to weigh the evidence and decide the truth of the matter, but rather to determine whether a genuine dispute of material fact exists for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact-finder, not the court. *Id.* at 255.

## ANALYSIS

The Government contends the Forest Service had discretion to act in response to the Roosevelt Fire and in fact acted within the boundaries of discretion afforded to it. *See* ECF No. 15 at 10. Plaintiffs first argue that the question whether the Government acted within its discretion is intertwined with Plaintiffs' substantive claims, thus Government's motion to dismiss should be converted to a motion for summary judgment. *See* ECF No. 22 at 13–15. Plaintiffs also argue the Forest Service in fact used the fire for resource benefits, exceeding the discretion afforded to it. *See id.* at 10–13. Plaintiffs then argue, under the summary judgment standard, that a genuine dispute as to a material fact exists regarding

the Forest Service's actions as they related to guidelines and rules regarding fire suppression. *See id.* at 18, 22–35. Finally, Plaintiffs argue subject matter jurisdiction exists over the Forest Service's failure to warn Plaintiffs and that generally the discretionary function exception does not apply to failure to warn claims. *See id.* at 35–37.

### 1. Conversion and Rule 56(d) Motion

Plaintiffs contend that the issue regarding subject matter jurisdiction is intertwined with their claims. *See* ECF No. 22 at 13–17. Not only does the subject matter jurisdiction issue come from the FTCA—the same statute providing the framework for their substantive claims—but Plaintiffs also argue the Forest Service's actions, which relate to exercise of discretion, also relate to negligence and trespass. *See id.* at 13–15; ECF No. 39 at 4–5. According to Plaintiffs, if the Forest Service chose not to suppress the fire, it would be negligent and that choice of not suppressing the fire also related to the discretionary exception of the FTCA. *See* ECF No. 59 at 5. If the Forest Service chose to allow the fire to burn, it trespassed, and that decision also related to the discretionary exception of the FTCA. *See id.* The Government responds arguing Plaintiffs have not shown how the threshold jurisdictional question is intertwined with the merits of the case, because they have not even established a law, statute, rule, or policy which would require a specific response to the fire in this case. *See* ECF No. 29 at 4–6; ECF No. 30 at 10–12.

Conversion

Here the jurisdictional question is whether the discretionary function exception applies. To determine whether the exception applies in cases brought under the FTCA, we utilize the two-prong analysis of *Berkovitz ex rel. Berkovitz v. United States*, 486 U.S. 531

(1988). Under that scheme, we determine (1) whether the action at issue was one of choice for the government employee and, (2) if the conduct involved such an element of judgment, "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* at 536.

Plaintiffs rely on *Bell v. United States* to show a conversion to a motion for summary judgment is appropriate, but as the Government identified, in *Bell* the challenge did not rely on a violation of a statute, policy, rule, or other mandatory directive. *See Bell v. United States*, 127 F.3d 1126, 1229 (10th Cir. 1997). However, when the Tenth Circuit was presented with a case more reflective of the facts before this Court, it determined a conversion to a motion for summary judgment was nonetheless appropriate. *See Tippett v. United States*, 108 F.3d 1194, 1196–97 (10th Cir. 1997). In *Tippett*, a Yellowstone park ranger instructed visitors to pass a moose in a certain way, which resulted in the visitors being attacked by the moose. *See id.* at 1196. Plaintiffs in that case argued the National Park Service had a policy which the park ranger did not follow, and the policy removed any discretionary authority regarding the decision made. *See id.* at 1197. The jurisdictional disagreement was whether the policy required strict adherence and of course the negligence claim was based on the park ranger's decisions when instructing the visitors. *See id.* Here, we are presented with a very similar situation. Plaintiffs contend the Forest Service made decisions that resulted in their injuries, and they also contend it has policy guidance prescribing specific responses to wildfires. *See* ECF No. 39 at 3–5. In our case, just as in *Tippett*, the same conduct—an official's decision—is used to determine the jurisdictional as well as the substantive questions. Understandably, the Government argues we do not

8

even reach the issues presented by Plaintiffs, because they have not presented this Court with a statute, rule, or policy which was mandatory and had been violated by the Forest Service. However, the Tenth Circuit in *Tippett* was faced with the same argument as the policy in that case was found to not remove discretion from the park ranger. *See Tippett*, 108 F.3d at 1197.

Whether the policies were mandatory or not, our preliminary question is the standard of review—the lens through which this Court must assess the arguments. The Court is tasked with assessing factual issues relating to jurisdiction, but it must not overstep into the province of the fact finder. Because the factual issues and questions relating to subject matter jurisdiction are intertwined with Plaintiffs' substantive claims, this Court shall convert the motion to dismiss to a motion for summary judgment and will review it based on the appropriate standard of review.

Rule 56(d) Motion

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "The party requesting additional discovery must present an affidavit that identifies 'the probable facts not available and what steps have been taken to obtain these facts. The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact.'" *Fed. Deposit Ins. Corp. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (citing *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)). Decisions regarding

9

Rule 56(d) motions are reviewed for an abuse of discretion and will not be reversed unless the District Court "exceed[ed] the bounds of the rationally available choices given the facts and the applicable law in the case at hand." *Id.* (internal citation and quotations marks omitted).

Two main issues are relevant in the resolution of this case: (1) whether there are regulations taking away relevant discretion from the Forest Service and (2) whether there are sufficient facts to show the Forest Service acted outside the sphere of discretion given to it. As far as the first issue goes, additional discovery will have no bearing on its resolution. The claim here is that the Forest Service violated a statute, regulation, policy, or rule which took away discretion and mandated a certain course of action. Rules, regulations, statutes, and other laws are all publically available or easily obtainable. As shown by the Plaintiffs' briefing and arguments, they have obtained rules and regulations which they argue prescribed a certain course of conduct. Additional discovery would provide little to no effect on Plaintiffs' ability to argue the first issue.

Regarding the second issue, Plaintiffs argue the Forest Service exceeded its discretion by pursuing wildfire management strategies geared for resource benefits. According to Plaintiffs, such a strategy exceeds discretion afforded, however, they have provided little to no evidence the Forest Service pursued resource benefits with the Roosevelt Fire. Aside from one news article, all other information, including the database which outlines the Forest Service's official actions, points to the Forest Service not considering resource benefits in their decisions regarding the Roosevelt Fire. Plaintiffs request additional time for discovery to question people in the Forest Service who were in

charge of making decisions and ask them whether resource benefits were considered, but it appears to have little likelihood of success, as the official decision regarding the fire specifically excludes resource benefits. *See* ECF No. 21 at 10–12. Furthermore, Plaintiffs have not pointed to any actual actions by the Forest Service which would put their management decisions outside of their discretion, simply asserting arguments which speak to negligence, having no bearing on the jurisdictional question.

Plaintiffs identify several potential witnesses and assert they would inquire about "management decisions and rationale relating to the Roosevelt Fire" but they do not explain how that would change the outcome when applying the discretionary function exception. *See id.* They also did not show what steps they have already taken to find the information they needed. *See id.*; ECF No. 21-1. The WFDSS, which is followed by the Forest Service and other agencies as their plan of operation, outlined the approach to the Roosevelt Fire— it did not include resource benefits as an objective and everything else is within the discretion of the Forest Service. Whatever the management decisions and rationale that lead to the Forest Service's adoption of the plan in the WFDSS, the actions were within the discretion of the Forest Service because the published plan was within its discretion— Plaintiffs failed to explain how discovery would show otherwise. Their assertion that the Forest Service had to respond with full suppression and had many available resources goes against information provided by Plaintiffs themselves, such as other forest fires in the area, and shows why discretion is necessary when agencies respond to forest fires and have to weigh available resources on a larger scale, beyond a single forest fire. With no reasonable evidence to show otherwise, allowing Plaintiffs to conduct additional discovery on an

unsubstantiated claim that the Forest Service published misrepresentations in the WFDSS would negate the whole discretionary function exception to subject matter jurisdiction.

Because additional discovery time would have little to no bearing on the resolution of relevant issues, Plaintiffs Rule 56(d) motion should be denied.

### 2. Discretionary Function Exception

To determine whether the discretionary function exception applies in cases brought under the FTCA, we utilize the two-prong analysis of *Berkovitz*, 486 U.S. 531 (1988). Under that scheme, we determine (1) whether the action at issue was one of choice for the government employee and, (2) if the conduct involved such an element of judgment, "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* at 536.

While Plaintiffs point to several policies and rules they claim bind the Forest Service and prescribe mandatory action, the Government correctly argues that all the policies are merely guidance, leaving the action up to the Forest Service's discretion. *See* ECF No. 22 at 10–13. Plaintiffs cite the following language to show lack of discretion:

- "**Human caused fires** and trespass fires **must be suppressed** safely and cost effectively **and must not be managed for resource benefits.**" *Id.* at 11 (citing the Interagency Standards for Fire and Fire Aviation Operations ("the Red Book")).

- "Human-caused fires and trespass [*sic*] will be managed to achieve the lowest cost and fewest negative consequences with primary consideration given to

firefighter and public safety ***and without consideration to achieving***

***resource benefits.***" *Id.* at 12 (citing the Forest Service Manual ("FSM")).

First, the Government accurately argued that the Red Book merely provides

guidance for the Forest Service and is not mandatory. *See* ECF No. 15 at 14. Second, the

type of language presented in the sources cited by Plaintiffs is exactly the type of language

that is meant to provide discretion. While the requirement to suppress sounds mandatory,

the subsequent considerations for firefighter and public safety are specifically the type of

assertions indicating discretion. *See Elder v. United States*, 312 F.3d 1172, 1176–77 (10th

Cir. 2002) (holding language removing discretion must be specific and mandatory). The

Tenth Circuit has held that policy language stating that "[t]he saving of human life will

take precedence over all other management actions" was not the type of specific and

mandatory language that removed discretion. *Tippett*, 108 F.3d at 1197 (internal quotation

marks omitted). Similarly here, the language is too general and provides a weighing of

values which is clear discretionary language.

With little argument from the parties, the action here also meets the second prong

of the *Berkovitz* test. The purpose of the second prong is to "prevent judicial 'second

guessing' of legislative and administrative decisions grounded in social, economic, and

political policy through the medium of an action in tort." *Berkovitz*, 486 U.S. at 536–37

(citation omitted). This Court need not go beyond the Tenth Circuit's decision in *Ohlsen v.*

*United States*, where it stated that "[d]ecisions about whether and when to distribute limited

resources . . . are informed by policy considerations such as public and firefighter safety,

suppression costs, environmental risks, and the availability of resources." *Ohlsen v. United*

*States*, 998 F.3d 1143, 1163 (10th Cir. 2021). Multiple important factors come into play when deciding how to suppress a single or multiple forest fires in varied terrain and a diverse environment. Decisions regarding forest suppression are specifically the type of decisions dependent on discretion that the policy was meant to protect.

"Without Consideration to Achieving Resource Benefits."

Plaintiffs argue that at least part of the FSM provides specific mandatory language that the Forest Service had to follow. The Government disagrees, arguing the policy language must be taken as a whole and that some mandatory language does not remove overall discretion to act.

"The existence of some mandatory language does not eliminate discretion when the broader goals sought to be achieved necessarily involve an element of discretion." *Hardscrabble Ranch LLC v. United States*, 840 F.3d 1216, 1222 (10th Cir. 2016) (internal citation and quotation marks omitted).

Overall, the purpose of the FSM is to outline considerations for the Forest Service but leave enough discretion for it to appropriately respond to forest fires of human-caused or unknown origin. However, even if Plaintiffs' argument was true and this was the type of mandatory language removing discretion, they have not sufficiently asserted that the Forest Service considered resource benefits. As the Government argued, the WFDSS provides the Forest Service's official actions. Beyond a news article and expert opinions which simply restate Plaintiffs' unfounded assertions, Plaintiffs have not provided evidence and have not pursued open records to show the Forest Service considered resource benefits. Their argument that resource benefits were not mentioned as a mistake is simply

14

a mischaracterization of the evidence, which clearly shows the Forest Service's official actions, which are followed by the Forest Service. The Government does not dispute Plaintiffs' evidence but simply counters it with the official actions of the Forest Service. Even when believed, with all *reasonable* inferences drawn, Plaintiffs' evidence does not establish the existence of subject matter jurisdiction.

<u>Failure to Warn</u>

Plaintiffs argue the Forest Service failed to warn residents about the Roosevelt Fire and had no discretion not to warn. *See* ECF No. 22 at 35–37. The Government argues the discretionary function exception applies to failure to warn cases, stripping the claims of subject matter jurisdiction. *See* ECF No. 30 at 12–14.

Undisputed facts show the Forest Service issued warnings about the Roosevelt Fire by various means, including a press release and personnel contact with people in the area. *See* ECF No. 1 at ¶¶28–33; ECF No. 30 at 12.

The jurisdictional question is not whether the Forest Service was negligent but whether it had mandatory policies it had to follow yet did not. *See Berkovitz*, 486 U.S. at 536. "Where the United States has provided some warnings, it is more appropriate to view the failure to provide additional warnings as a policy-based decision than in cases where the government has failed to provide any warning at all." *Clark v. United States*, 695 Fed. Appx. 378, 388 (10th Cir. 2017).

Plaintiffs do not provide evidence they were not aware of the fire or that the Forest Service did not provide any warnings to the public. They do not even contend the Forest Service provided the most minimal warnings. The Forest Service did not simply provide a

news release and rest there—they used manpower to warn people in the area. Looking at Plaintiffs' evidence, the discretionary function exception applies here as the Forest Service took significant steps to warn the public, fitting their actions within the public policy type decisions excluded from judicial scrutiny by the discretionary function exception.

Because actions by the Forest Service fall within the discretionary function exception, as some mandatory language does not remove discretion in an overall discretionary policy, the Government's motion to dismiss for lack of subject matter jurisdiction should be granted.

## CONCLUSION

For these reasons, it is **ORDERED** Plaintiffs' *Rule 56(d) Motion to Allow for Additional Discovery* is **DENIED**, ECF Nos. 20 & 21, and Defendant Government's *Motion to Dismiss for Lack of Subject Matter Jurisdiction* is **GRANTED**, ECF Nos. 14 & 15.

It is further **ORDERED** that Defendant United States of America and the claims against it are **DISMISSED WITH PREJUDICE**.

Dated this *13th* day of April, 2022.

Alan B. Johnson
United States District Judge